UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIAMOND SYSTEMS, LLC,

    Plaintiff,

v.                                        Case No: 6:13-cv-1303-Orl-22TBS

FMC CORPORATION and ADVENTUS
AMERICAS, INC.,

    Defendants.

## REPORT AND RECOMMENDATIONS

Pending before the Court is Adventus Americas Inc.'s ("AAI") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5). (Doc. 15). Plaintiff has filed a response in opposition (Doc. 20), and AAI has filed a reply to Plaintiff's response (Doc. 25). Upon due consideration, I respectfully recommend that the Court **GRANT** AAI's motion and dismiss Plaintiff's claims against AAI.

### I.    Background

Plaintiff sells and markets environmental remediation products and solutions in Florida and Puerto Rico. (Doc. 2).[1] Defendant FMC Corporation ("FMC") is a foreign corporation authorized to conduct business in Florida, which manufactures and sells chemicals for household, industrial, and agricultural purposes. AAI was a Delaware corporation registered to do business in Illinois, but its current status is "withdrawn." (Docs. 15, p. 2; 15-1, p. 1). AAI was in the business of manufacturing and selling environmental remediation products throughout the United States. FMC is the successor in interest to AAI, having purchased its assets or pursuant to a merger between the two

---

[1] Unless otherwise stated, all facts are taken from Plaintiff's Amended Complaint (Doc. 2).

companies. Jim G. Mueller was the president and registered agent of AAI until sometime in 2011 when he went to work for FMC as a Senior Technology Application Manager. (Docs. 15, p. 2; 15-2).

Plaintiff filed this lawsuit against FMC and AAI in the Circuit Court of the Seventh Judicial Circuit in and for Volusia County, Florida alleging two claims for breach of contract and one claim for unjust enrichment. (Doc. 2). Plaintiff served AAI by serving Mueller as the former registered agent for AAI in Illinois on August 13, 2013. FMC removed the case to this Court based upon diversity jurisdiction. (Doc. 1). Mueller has filed an affidavit in this Court stating that he was not an officer, director, employee or agent of AAI when he was served with Plaintiff's process. (Doc. 15-2). AAI files the pending motion and argues that Plaintiff did not properly serve it with process and therefore Plaintiff's claims against it should be dismissed for lack of jurisdiction. Plaintiff maintains that by serving Mueller it obtained good service of process on AAI under Florida law.

II.  Standards of Law

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990). A party may seek dismissal under Rule 12 for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The party effecting service has the burden of establishing its validity. Familia de Boom v. Arosa Mercantil, S.A., 629 F.2d 1134, 1139 (5th Cir. 1980).[2] "In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

action was removed.  Rentz v. Swift Transp. Co., Inc., 185 F.R.D. 693, 696 (M.D. Ga. 1998).

Service of process on a corporation in Florida is governed by Fla. Stat. § 48.081.[3] The statute establishes a specific hierarchy of members of a corporation who may be served beginning with the president, vice president or other head of the corporation.  Fla. Stat. § 48.081(1); S.T.R. Indus. Inc. v. Hidalgo Corp., 832 So.2d 262, 263-64 (Fla. 3d DCA 2002).  "Service of process may be made on a corporation's business agent only in the absence of superior corporate officers and directors." Id. (quoting Sierra Holding, Inc. v. Inn Keepers Supply Co., 464 So.2d 652, 654 (Fla. 4th DCA 1985)).  In the alternative, under § 48.081(3), a plaintiff may serve a registered agent designated under Fla. Stat. §

---

[3] Fla. Stat. § 48.081 state in pertinent part:

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

(3)(a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091.  However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or any employee of the registered agent.  A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

48.091, or, if the corporation has not complied with § 48.091, any employee at the corporation's principal place of business. Florida requires strict compliance with § 48.081 to obtain jurisdiction over a party. Vidal v. SunTrust Bank, 41 So.3d 401, 402 (Fla. 4th DCA 2011).

Section 48.091 applies to "[e]very Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state." Fla. Stat. § 48.091(1). A foreign corporation not qualified to do business in Florida is not required to designate a registered agent in Florida for purposes of receiving service of process. S.T.R. Indus., 832 So.2d at 263-64; Verabella Falls Condo. Assoc., Inc. v. Sosa, 77 So.3d 815, 816-817 (Fla. 3d DCA 2012). A foreign corporation qualifies to transact business in Florida only by applying to the department of state for a certificate of authority pursuant to Fla. Stat. § 607.1503.

### III.  Discussion

Plaintiff argues that service on Mueller as the former registered agent of AAI was proper under Florida Statute § 48.101, which allows for service on a dissolved corporation in accordance with § 48.081. There is no evidence that AAI was a foreign corporation qualified to transact business in Florida or that the company ever designated Mueller as its registered agent for service of process in Florida. Unless AAI was qualified to transact business in Florida, it was not obliged to designate a registered agent pursuant to § 48.091, and Plaintiff could not obtain good service on AAI by purporting to serve Mueller pursuant to § 48.081(3). Accordingly, service of process on Mueller did not accomplish good service on AAI.

Plaintiff has not argued that it obtained good service on AAI by serving Mueller in

- 4 -

his capacity as the company's former president pursuant to § 48.101 and § 48.081(1).[4] If it had made this argument, there is Florida case law holding that because AAI did not exist and Mueller was working for FMC when he received the summons, service under § 48.101(1) would not be valid. See The Mills Corp. v. Amato, 72 So.3d 814, 816-817 (Fla. 4th DCA 2011) (stating that "Section 48.081 does not authorize service on former presidents, officers, or directors, etc., of a dissolved or existing corporation[,]" and holding that Plaintiff did not affect proper service on dissolved corporation by serving former CEO who no longer had any affiliation with dissolved corporation or its successor in interest); Int'l Steel Truss Co. v. Artec Grp., Inc., 824 So.2d at 342-434 (Fla. 2d DCA 2002) (finding service insufficient when Plaintiff served former business agent of corporation that was dissolved two years prior); but see Blanco v. Tin How, Inc., No. 06-22719-CIV, 2007 WL 2827505 *1 (S.D. Fla. Sept. 26, 2007) (applying Florida law and finding that the defendant remained a director and registered agent of a dissolved corporation for purposes of litigation); NTCA Corp. v. Assoc. Comm. Corp., 812 SO.2d 506, 507 (Fla. 3d DCA 2002) (finding that dissolved corporation NTCA was properly served via NTCA's manager in accordance with § 48.081(1)).

For these reasons, I recommend the Court **GRANT** Adventus Americas Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(5) (Doc. 15) and dismiss all of Plaintiff claims against AAI for lack of jurisdiction.

Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo

---

[4] The record is not clear that Mueller was the president of AAI when the corporation was "withdrawn." The Illinois corporate file detail report attached to AAI's motion to dismiss names James Hall as president. (Doc. 15-1).

determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENED** in Orlando, Florida on October 17, 2013.

_[signature]_
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

> Presiding United States District Judge
> Counsel of Record